UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAISAL UPPAL,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC,
CITIZENS BANK, N.A.,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, FAISAL UPPAL, by and through his counsel and for his Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which give rise to this action occurred in the township of Novi, Oakland County, Michigan.

4. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the township of Novi, Oakland County, Michigan.

6. The Defendants to this lawsuit are:

    i.  Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Michigan;

    ii. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that conducts business in the State of Michigan;

    iii. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in the State of Michigan; and

    iv. Citizens Bank, N.A. ("Citizens Bank") is a national association that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Citizens Bank's tradeline ("Errant Tradeline") is reporting inaccurately in Plaintiff's Experian, Equifax, and Trans Union (collectively "the CRAs") credit files.

8. Specifically, the Errant Tradeline is inaccurately reporting a late payment for the month of December 2022. This information is incorrect as Plaintiff was never late in making his payments.

9. On or about April 14, 2023, Plaintiff obtained his credit disclosures from the CRA and noticed the Errant Tradeline inaccurately reporting a late payment for December 2022.

10. On or about May 18, 2023, Plaintiff sent letters to the CRAs disputing the Errant Tradeline.

11. In his dispute letters, Plaintiff explained, in detail, that he timely made his payment to Citizens Bank for December 2022.  In addition, Plaintiff attached his monthly statement from Citizens Bank to his dispute letters, which showed that Plaintiff timely made his monthly payments to Citizens Bank. Plaintiff attached the Payment Summary Report from the State of Michigan and asked Experian to remove the collection remarks on the tradelines.  Plaintiff then requested the erroneous late payment reporting for December 2022 to be removed.

12. The CRAs received Plaintiff's dispute letters.

13. The CRAs forwarded Plaintiff's dispute letters to Citizens Bank.

14. Citizens Bank received Plaintiff's dispute letters from the CRAs.

15. On or about June 6, 2023, Plaintiff received Trans Union's investigation results, which showed that Trans Union and Citizens Bank failed or refused to remove the erroneous information on the Errant Tradeline.

16. Plaintiff did not receive investigation results from Equifax.  Therefore, on or about July 5, 2023, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Citizens Bank failed or refused to remove the erroneous information on the Errant Tradeline.

17. Plaintiff did not receive investigation results from Experian.  Therefore, on or about July 5, 2023, Plaintiff obtained his Experian credit disclosure, which showed that Experian and Citizens Bank failed or refused to remove the erroneous information on the Errant Tradeline.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the FCRA, Plaintiff has suffered credit and emotional damages.  Plaintiff has also experienced undue stress, anxiety and other forms of emotional distress as a result of Defendants' failures to reasonably investigate her disputes and correct the Errant Tradeline.  In addition, Plaintiff has suffered physical harms, including loss of sleep and stress headaches from worrying about the Errant Tradeline.

19. In addition, Defendant's actions and omissions have caused Plaintiff to lose time attempting to correct the false information on Plaintiff's consumer report. The time spent by a person attempting to correct a false credit report constitutes a concrete injury for purposes of an FCRA claim. Pinson v. JPMorgan Chase Bank, Nat'l Ass'n, No. 16-17107, 2019 U.S. App. LEXIS

33662, at *5 (11th Cir. Nov. 12, 2019), citing Pedro v. Equifax, Inc., 868 F.3d 1275, 1280 (11th Cir. 2017).

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIZENS BANK**

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by the CRAs of Plaintiff's dispute of the Errant Tradeline, Citizens Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22. Citizens Bank negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct the CRAs to report the Errant Tradeline without any late payments.

23. The Errant Tradeline is inaccurate and creates a misleading impression in Plaintiff's credit files with the CRAs to which it is reporting such tradeline.

24. As a direct and proximate cause of Citizens Bank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including diminished creditworthiness, emotional distress and physical harms as described above.

25. Citizens Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against Citizens Bank arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Citizens bank for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CITIZENS BANK

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Citizens Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

29. Citizens Bank willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of Citizens Bank's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including diminished creditworthiness, emotional distress and physical harms as described above.

31. Citizens Bank is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Citizens Bank for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including diminished creditworthiness, emotional distress and physical harms as described above.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including diminished creditworthiness, emotional distress and physical harms as described above.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

48. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

49. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

50. After receiving Plaintiff's dispute of the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

51. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including

diminished creditworthiness, emotional distress and physical harms as described above.

52. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

55. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

56. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

11

57. After receiving Plaintiff's dispute of the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

58. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including diminished creditworthiness, emotional distress and physical harms as described above.

59. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

62. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

63. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

64. After receiving Plaintiff's dispute of the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

65. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including diminished creditworthiness, emotional distress and physical harms as described above.

66. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

69. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

70. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

71. After receiving Plaintiff's dispute of the Errant Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

72. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, including diminished creditworthiness, emotional distress and physical harms as described above.

73. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: July 31, 2023

/s/ Carl Schwartz
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff and Gary Hansz
39111 Six Mile Road, Suite 142
Livonia, MI 48152
(248) 353-2882
Fax (248) 353-4840
Email – carl@crlam.com

15